# McGhee *versus* Hoyt.

1. A deed made by administrators to a purchaser of the decedent's land, sold by them under an order of Orphans' Court for the payment of debts, is but part of the proceedings of the Orphans' Court, and must be construed with the record of said court, and where the deed contains mistakes, they may be corrected by such record, upon which the deed depends for its validity.

2. A petition by administrators to the Orphans' Court for an order to sell certain of the decedent's lands, described the same as " about 616 acres of unimproved land, situate . . . . . bound by lands of . . . . . being the balance of a large tract of land warranted in the name of N. & G., and known as No. 5959."    The order having been granted and a sale made thereunder, the administrators filed a return in which they set out that they had sold " to Dr. John P. Hoyt . . . . . 434 acres of land, being the balance which said deceased owned of tract of land numbered 5959, warranted in the name of N. & G. ; for the price of $1 per acre."    This return was approved by the court and the sale confirmed. The administrators then made a deed to Hoyt in which they described the land by courses and distances.   About forty years afterwards it was discovered that there were 53 acres less included in the description by distances and courses, as contained in the administrator's deed, than " the balance which the deceased owned of tract of land numbered 5959," as Hoyt's purchase was described in the record of the Orphans' Court proceedings.

   *Held*, that the Orphans' Court proceedings governed, and that Hoyt acquired by his purchase all that portion of tract No. 5959, to which the deceased had title at his death.

May 6, 1884.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

[McGhee v. Hoyt.]

ERROR to the Court of Common Pleas of *Clearfield county:*
Of July Term, 1883, No. 179.

Trespass *quare clausum fregit, vi et armis,* by John P. Hoyt
against James W. McGhee, to recover three-fold damages,
under the Act of March 29, 1824, for breaking and entering
plaintiff's close, and cutting and taking away pine timber from
a piece of land containing 53 acres and 92 perches, in Penn
township, Clearfield county.

On the trial, before ORVIS, J., the following facts appeared:
Prior to 1839 Joseph Boone, Sr. owned, among other pieces of
land in Clearfield county, about 900 acres of a tract known as
No. 5959. During his life he sold various parts of this 900
acres, but at his death still owned two parcels thereof, one in
the northeastern and the other in the southwestern corner.
Subsequently, his administrators presented a petition to the
Orphans' Court of Clearfield county, at January Term, 1838,
setting forth that the decedent had died seised of various
tracts of land mentioned, and of " about *six hundred and six-
teen acres* of unimproved land situated in the said township
of Penn, bounded by lands of Hopkins, Griffith and others,
being the balance of a large tract of land, warranted in the
name of Nicklin & Griffith, and known as No. 5959." The
petition further set out that the personal estate of the dece-
dent was not sufficient to pay his debts, and therefore prayed
for an order of court to sell the said land for such payment.
The court granted an order to sell the unimproved land de-
scribed in the petition, which included said remaining parcels
of tract No. 5959. No sale was made under this order, but
under an *alias* order granted to January Term, 1840, a sale of
decedent's unimproved real estate was made, and the adminis-
trators filed the following return : " That they did at the day
and time within named, to wit: the 18th of March, 1840,
expose the within stated real estate of said deceased, at Moore's
mill, after having due, legal and timely notice of said sale as
required by law, and sold of the said real estate as follows, to
wit: . . . . . To Dr. John P. Hoyt on the same day and at
the same place 434 acres of land, being the balance which the
said deceased owned of a tract numbered 5959, warranted in
the name of said Nicklin & Griffith, for the price of $1 per
acre, . . . . ."

This sale was confirmed absolutely by the court, on May 6,
1840, and subsequently the administrators made a deed to
Hoyt for the portion of tract No. 5959, sold to him. The
Orphans' Court proceedings made no division of the land into
pieces, and contained no other description of the same than
the one above set out in the administrator's return.

The administrator's deed, however, set out the northeastern

[McGhee *v.* Hoyt.]

and southwestern parcels of said tract separately by courses and distances. Concerning the former parcel there was no dispute; but the deed described the latter as containing 135 acres and 264 perches, while in reality it contained 192 acres and 22 perches. This difference of about 53 acres formed the subject of dispute. The southern line, necessary to include the 135 acres was not marked on the ground when the deed was made, but was run years afterwards.

In 1874, the heirs of Joseph Boone, Sr., had a survey made, and discovered that there were about 53 acres more in the southwestern parcel than had been conveyed by the description in the administrator's deed to Hoyt. They accordingly had the same assessed to them, and it was sold June 12, 1876, on their behalf, by the treasurer of the county as unseated lands. McGhee, the defendant, acquired title through this sale, and after his purchase entered upon the land and cut and took away timber; whereupon Hoyt brought this suit, claiming that under the Orphans' Court proceedings, he had bought all of the balance of tract 5959, belonging to Joseph Boone, Sr., at his death.

The court charged the jury, inter alia, as follows:

"Now, if the administrators, on the 18th of March, 1840, by virtue of the authority granted them by the Orphans' Court of this county, sold to the plaintiff all the residue or remainder of tract 5959, which remained the property of Joseph Boone, Sr., at the time of his death, as 434 acres for the price or sum of $1 per acre, and intended to convey the whole of it to him, neither a mistake in the quantity supposed to be contained in the piece, nor a mistake in the courses and distances in the deeds subsequently made, would vitiate his title or deprive him of any of the land;" (9th assignment of error).

Verdict for plaintiff for $1,951.52, and judgment thereon; whereupon McGhee took this writ of error, assigning for error, inter alia, the charge of the court as above set out.

*Frank Fielding* (with whom was *W. D. Bigler*), for the plaintiff in error. The administrators, and all parties concerned, may have believed at the time of the sale, and also at the time of the conveyance, that 135 acres $164\frac{6}{10}$ perches included the balance, and may have believed that the distance in the deed, 149 perches, would take them to the south line of the tract 5959. But it was a mistake. Many years thereafter it was discovered that the southern line of 5959 was 54 perches beyond the distance in the deed. The Southern line of tract 5959 had never been run, and its exact location was unknown. The belief, or mistaken impression, in no way injured the

grantee.  He got all the land he bargained for, all he paid for, all his deed called for, all the return of sale says was sold him. He is therefore not entitled to recover in this action : Craft v. Yeaney, 16 P. F. S., 214.  The appellee's evidence of his title is his deed from the administrators, and by that it must stand or fall.  If there is any discrepancy between the deed and the record of the Orphans' Court proceedings, it must be settled in favor of the deed at this late day.  Where a deed conveys land by certain boundaries, parol evidence is not admissible to prove that a certain number of acres therein was not intended to be conveyed : Stub v. Stub, 3 Barr, 255.  Nor can such evidence be introduced to show that more acres than are mentioned were intended to be conveyed.

*McEnally & McCurdy* (with whom were *G. R. &. W. Barrett*) for appellee.  The calls of a survey, and not its courses and distances are to govern : Blasdell v. Bissell, 6 Barr., 258.  Evidence outside of the deed is admissible to show the actual boundaries on the ground, made or adopted by the parties, and such boundaries, when established to the satisfaction of the jury, prevail over the courses and distances named in the deed.

In this case, there was ample and convincing evidence outside of the deed to show that the sale to Hoyt, by the administrators of Boone, was for the whole piece up to the lands of the adjoining owners, and the question was properly left to the jury.  The records of the Orphans' Court, if examined by him, would have informed McGhee that the administrators of Boone sold to Hoyt all the land they had in tract No. 5959.

Mr. Justice GORDON delivered the opinion of the court May 26th, 1884.

The ninth assignment of error may be regarded as substantially embracing everything complained of by the plaintiff in error in the rulings of the court below ; hence, a disposition of the whole case may be effected by a disposition of that assignment.  The error therein alleged is supposed to lie in that part of the charge wherein the jury were instructed, that if the administrators of Joseph Boone's estate, by virtue of the authority granted to them by the Orphans' Court of Clearfield county, actually did sell to Dr. John P. Hoyt, the plaintiff below, the residue of tract 5959, which remained in the said Boone, at the time of his decease, neither a mistake in the quantity of land supposed to be contained in the tract, nor in the courses and distances set forth in the deed subsequently executed by the administrators, in pursuance of the order of said court, would

vitiate his, the plaintiff's title, or deprive him of any part of the land.

But we cannot agree that in this there was any error, or that there was any fault in the other and similar rulings of the court below. The question is, what was sold, and what did Hoyt buy? This proposition is readily solved when we turn to the records of the Orphans' Court. On the petition of the administrators, they were ordered to sell, inter alia, "about six hundred and sixteen acres of unimproved land, situate in the said township of Penn, bounded by lands of Hopkins, Griffith and others, being the balance of a larger tract of land warranted in the name of Nicklin and Griffith, and known as No. 5959." Under this order a sale was duly made and reported to the court as follows: "To Dr. John P. Hoyt, on the same day and at the same place, 434 acres of land, being the balance which the said deceased owned of a tract of land numbered 5959, warranted in the name of the said Nicklin and Griffith, for the price of one dollar per acre," and this return was regularly approved and confirmed. From this, it follows that all the land owned by Boone, at the time of his death, within the lines of the said warrant, passed by this sale to the plaintiff; so the representatives of the estate intended, and so the court decreed. That Hoyt was bound to pay for every acre contained within the boundaries mentioned, cannot be doubted, and that he did not so pay for every acre was no fault of his but of those who had charge of the sale. He did, in fact, pay all that was required, and it is too late, at this day, to object that the amount was some fifty-four dollars short of what it ought to have been; had it been the converse, he in like manner would have been remediless.

If, then, the plaintiff, by the sale and decree, acquired the right to the whole of the land, the subject of the present contention, that right could not be divested by a mistake in the execution of the deed. Had the lines, as recited in the deed, been found upon the ground, the case would have been different, for then the mistake would have been in assuming that but two lots of tract No. 5959 belonged to the estate of Joseph Boone, when, in fact, there were three. Such, however, was not the case, for when the deed was executed there was no southern line of the controverted lot short of the warrant line. On the other hand, there was no difficulty in locating this land by the original lines and marks, just as claimed by the plaintiff, and the only mistake in the deed was in making the eastern and part of the western lines too short to reach the southern line of the lot as found upon the ground.

Giving then the deed its full force, as in Leshey *v.* Gardner, 3 W. & S., 314, as the definitive act by which only the title

of the heirs could be divested, though the contrary seems to have been held in the case of Ferree v. The Commonwealth, 8 S. & R., 312; nevertheless, it is but part of the proceedings of the Orphans' Court, and must be construed with, and its mistakes corrected by the record upon which it depends for its validity.

The judgment is affirmed.